IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ARTHUR T. BOLTON, | ) | CIVIL ACTION NO. 3:17-cv-69 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BAY VALLEY FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Enlargement of Time to Complete Depositions. (ECF No. 31.) This Motion is fully briefed (*see* ECF Nos. 32, 34, 36, 42) and is ripe for disposition.

### I.  Background

This case arises from allegations that Defendant Bay Valley Foods, LLC discriminated against its former employee, Plaintiff Arthur Bolton, during the course of his employment. (*See* ECF No. 1.) Plaintiff alleges that he was discriminated against in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act, and Pennsylvania employment laws. (*Id.* ¶¶ 77-95.)

The alleged harassment occurred between 2014 and 2016. (*Id.* ¶¶ 4-5.) Plaintiff filed his complaint on April 26, 2017. (*See id.*) Since then, the parties have been engaged in discovery. (*See* ECF Nos. 19, 23, 28.) Plaintiff has requested three previous extensions of the discovery period. (*Id.* at 2-4; ECF Nos. 22, 24, 27.) Defendant consented to each of Plaintiff's previous requests for extensions, but does not consent to Plaintiff's fourth

request. (*Id.* at 4.) The period to conduct discovery ended on January 19, 2019. (*See* EF No. 28.)

On January 19, 2019, Plaintiff's counsel filed the instant Motion requesting an additional seventy-five days to conduct depositions. (ECF No. 31 at 1.) Defendant filed a Response in Opposition to Plaintiff's Motion. (*See* ECF No. 32.)

In its response to Plaintiff's Motion, Defendant argues that Plaintiff does not have good cause to extend the discovery deadline set by the Court's scheduling order because Plaintiff has not exercised due diligence during discovery. (*Id.* at 3-5.) Defendant argues that in each of his four motions to extend discovery, Plaintiff stated that he needed additional time to conduct the depositions of certain Bay Valley employees. (*Id.*) Defendant argues that Plaintiff has not diligently pursued these depositions because he has not served any deposition notices or subpoenas, and has also failed to identify some individuals to be deposed. (*Id.*) Finally, Defendant argues that Plaintiff did not confer with Defendant before filing the instant Motion.

In his reply to Plaintiff's opposition, Plaintiff argues that he has exercised due diligence to the best of his ability as a solo practitioner. (ECF No. 36 at 3.) He argues that he was unable to schedule depositions because he sent requests for production of documents to Defendants on October 9, 2018, but did not receive responses until December 13, 2018. (*Id.* at 2.) He argues that these documents were necessary to conducting future depositions. (*Id.*) Plaintiff identifies the specific witnesses that he wishes to depose and represents that he will not seek further extensions if the Court

grants the instant Motion. (*Id.* at 3.) Plaintiff also contends that he did, in fact, confer with Defendant regarding the instant discovery dispute.

In its sur-reply brief, Defendant reiterates that Plaintiff cannot demonstrate good cause to extend the discovery deadline. (ECF No. 42 at 4.) Defendant argues that Plaintiff did not exercise due diligence in pursuing the deposition of the witnesses that he identifies in his reply.[1] (*Id.*) Defendant also argues that the documents that Defendant served in response to Plaintiff's October 9, 2018 request are unrelated to the depositions that Plaintiff seeks. (*Id.*)

## II. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under the laws of the United States—namely the Civil Rights Act and Americans with Disabilities Act. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

## III. Legal Standard

The Court construes motions to extend discovery as motions to amend the Court's scheduling order. *See Abed-Rabuh v. Hoobrajh*, No. 17-cv-15, 2018 WL 300453, at *2 (W.D. Pa. Jan. 4, 2018) (Gibson, J.). Amendments to pleadings are governed by Federal Rule of Civil Procedure 15. FED. R. CIV. P. 15. But "when a party seeks leave to amend the pleadings after the deadline set by a court's scheduling order, that party must first satisfy

---

[1] On February 5, 2019, Plaintiff filed an Errata regarding his Motion for Extensions of Time to Complete Discovery. (ECF No. 40) Defendant filed a Motion to Strike the Errata Regarding Plaintiff's Motion for Enlargement of Time to Complete Depositions. (ECF No. 43.) The Court did not consider Plaintiff's Errata in formulating this opinion, and therefore will deny Defendant's Motion to Strike as moot.

Rule 16(b)(4)'s requirements for modifying a scheduling order." *Abed-Rabuh*, 2018 WL 300453, at *3 (citing *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010)).

Under Federal Rule of Civil Procedure 16, a Court's scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "In the Rule 16(b)(4) context, 'good cause' looks to the diligence of the party seeking modification of the scheduling order." *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 3:15-cv-22, 2017 WL 4286343, at *2 (W.D. Pa. Sept. 26, 2017) (Gibson, J.). "The moving party has the burden to demonstrate good cause under Rule 16(b)(4) before a court will consider amending under Rule 15." *Id.*

**IV. Discussion**

Here, the Court finds that Plaintiff has demonstrated good cause to extend the discovery deadline.

On October 11, 2018, the Court granted Plaintiff's Third Motion for Extension of Time to Complete Discovery and extended the discovery period until January 19, 2019. (ECF No. 28.)

Plaintiff served Defendant with a request for production of documents on October 9, 2018. (ECF No. 42 at 4.) Defendant provided Plaintiff with responsive documents on December 13, 2018.[2] (*Id.*)

---

[2] Plaintiff alleges that he could not take additional depositions in this case until he received the responsive documents. (ECF No. 36 ¶ 3.) Defendant argues that these documents are unrelated to Plaintiff's taking of the deposition of certain Bay Valley employees, but does not explain its position. (ECF No. 42 at 4.) Accordingly, the Court will not make a specific finding on this point.

-4-

From the parties' filings, it is also clear that before the expiration of the discovery period on January 19, 2019, Plaintiff's counsel and Defendant's counsel had been conferring about discovery issues in this case. (ECF No. 36 ¶¶ 5-7; ECF No. 42-5 at 1.) In a January 3, 2019 email exchange, Plaintiff's counsel informed Defendant's counsel that he needed more time to review the documents that Defendant's counsel served on December 13, 2018. (*Id.*) In that same email exchange, Defendant's counsel inquired into whether Plaintiff's counsel intended to take any additional depositions. (ECF No. 42-5 at 2.) Then, on January 19, 2019, Plaintiff's counsel informed Defendant's counsel of his desire to take additional depositions. (ECF No. 42-6.)

While it is clear that Defendant did not notice or take additional depositions during the previous discovery period, that alone does not show that Plaintiff lacked diligence or acted in bad faith. Rather, the Court finds that there are several factors that weigh in favor of allowing Plaintiff to extend the discovery period. First, the Court recognizes that Plaintiff's counsel is a solo practitioner. Second, the Court recognizes that Plaintiff's counsel took some actions to move the case along during the previous discovery period. Third, the Court notes that the previous discovery period included the holiday season. Moreover, the Court finds that Plaintiff's case may be seriously prejudiced if the instant Motion is denied.

Accordingly, the Court finds that Plaintiff has demonstrated good cause to extend the discovery deadline. Thus, the Court will **GRANT** Plaintiff's Motion. (ECF No. 31.)

However, to ensure that the case proceeds expeditiously, the Court will not grant any further extensions of the discovery period.

**V.     Conclusion**

For the foregoing reasons, the Court will **GRANT** Plaintiff's Motion.

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ARTHUR T. BOLTON, | ) | CIVIL ACTION NO. 3:17-cv-69 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| BAY VALLEY FOODS, LLC, | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 11th day of February, 2019, upon consideration of Plaintiff's Motion for Enlargement of Time to Complete Depositions (ECF No. 31), **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion is **GRANTED**;

(2) The parties shall complete discovery no later than **April 16, 2019**;

(3) Plaintiff will not be given another opportunity to extend the discovery period; and

(4) Defendant's Motion to Strike Errata Regarding Plaintiff's Motion for Enlargement of Time to Complete Depositions (ECF No. 43) is **DENIED** as moot.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**